Welch, C. J.
We think this affidavit was sufficient,, and that the district court erred in holding otherwise. By section 191 of the civil code, as amended February 16,1865-(S. & S. 550), one of the “grounds” on which an attachment is allowed to issue is, that the defendant criminally . . . incurred the . . . obligation for which the suit is . . . brought.” Section 192 (S. &• 0. 1003) requires an affidavit “ showing,” among other things, one- *59 or more oí these several “ grounds ” of attachment. That this language, “ criminally incurred the obligation,” is equivalent to “ criminally incurred the liability,” and that an attachment may, therefore, be allowed in cases like the present, we have already held in Sturdevant v. Tuttle, 22 Ohio St. 111, and and in Kirk v. Whitaker, 22 Id. 115. If this be the true construction of the statute—and we still think it is—the simple question in the case is, whether this affidavit shews that the defendant criminally incurred the liability for which the suit was brought. The statute prescribes no form, or words, in which the “ shewing” is to be made, but merely prescribes the fact which is to be shewn. It is not indispensable that the words of the statute should be used, provided the affidavit contains language fully equivalent, or clearly “ shewing” the fact. And surely here are wrords sufficient for that purpose. If a person who “ unlawfully, and with force and arms . . . assaults, beats, bruises, and shoots” another criminally incurs a liability ¿ and if an action by the injured party to recover damages for the injury is an action brought for that liability, then this affidavit is clearly sufficient. It sets out specifically, and in detail, what the statute permits to be set out in general terms.
This view of the case renders it unnecessary to consider the other ground on which a dissolution of the attachment was asked, namely, that the statement therein, that the defendant had left the county of his residence to avoid the service of a summons, is false. One good ground for the attachment is sufficient. If it is well and truly stated in the affidavit, that the defendant criminally incurred tide obligation on which the action was brought, it is immaterial whether the defendant had left the county or not, or with what intention he left it, if at all.

Judgment reversed.